WESTERN UNION TELEGRAPH COMPANY v. R. B. RICH.

Decided March 1, 1910.

**1.—Telegraph Company—Delay in Delivering Message—Infectious Disease—Mental Anguish.**

In view of the infectious and fatal character of yellow fever in this State in 1903, it can not be said, as matter of law, that a person of ordinary firmness, intelligence and courage would not have suffered mental anguish by having to remain in a community in which the disease had appeared.

**2.—Same.**

Pleading and evidence considered, and held to show a cause of action

against a telegraph company for negligent delay in delivering a telegram warning plaintiff of the existence of yellow fever in a certain city and advising him to abandon an intended visit there, whereby plaintiff was caused to visit said city and forced to remain therein nineteen hours, thereby suffering mental anguish from fear of contracting the disease and from fear of being quarantined.

Appeal from the District Court of Houston County. Tried below before Hon. B. H. Gardner.

*Young & Stinchcomb,* for appellant.—Mental anguish suffered by the appellee on account of fear that he would contract yellow fever and on account of fear that he would be placed under quarantine and kept from his family and his business for an indefinite length of time, was not the natural and probable result of a failure to deliver the message to the appellee, and was not reasonably within the contemplation of the parties to the message contract at the time it was made, and the plaintiff's petition failing to show any notice to the agent of the appellant that accepted the message for transmission, other than that contained in the message, the general demurrer and both special exceptions should have been sustained. Western U. Tel. Co. v. Murray, 29 Texas Civ. App., 207; Western U. Tel. Co. v. McFadden, 32 Texas Civ. App., 582; McAllen v. Western U. Tel. Co., 70 Texas, 243; Western U. Tel. Co. v. Smith, 76 Texas, 253; Western U. Tel. Co. v. Bryant, 46 N. E., 358; Western U. Tel. Co. v. Henley, 54 N. E., 775.

The appellee never came in contact with yellow fever or any other contagious or infectious disease, never met or saw any one that had yellow fever or any other contagious or infectious disease; therefore the mental anguish he suffered, if any, by reason of fear that he would contract yellow fever was without foundation and self-provoked, and for which no recovery can be had. Akard v. Western U. Tel. Co., 44 S. W., 538; Morrison v. Western U. Tel. Co., 24 Texas Civ. App., 347; Western U. Tel. Co. v. Taylor, 81 S. W., 69.

*J. W. Madden* and *Adams & Adams,* for appellee.—In an action against a telegraph company for delay in delivering a message warning the sendee not to come to a city on account of the presence of yellow fever, which delay resulted in his going there and remaining about eighteen hours before he could get away, the mental anguish suffered by him because of his exposure to the danger of contracting the disease was a natural and probable result of the delay in delivery and a proper element of damages, though after events showed that he was in no danger of contracting the fever. Rich v. Western U. Tel. Co., 110 S. W., 93.

Whatever may arise in the usual course of things from the failure to accomplish the purpose indicated by the terms of the message may be considered within the contemplation of the parties at the time the contract was made as being the probable result of the breach of it, and for this the party who fails to comply is held responsible. Western U. Tel. Co. v. Edmondson, 91 Texas, 209; Western U. Tel. Co. v. Edsall, 74 Texas, 333; Western U. Tel. Co. v. Bowen, 84 Texas, 478.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against appellant to recover damages for the alleged negligent failure of appellant to make reasonably prompt delivery of a telegram received by appellant at San Antonio, Texas, for transmission and delivery to appellee at Crockett, Texas.

The telegram was sent from San Antonio on October 21, 1903, at 8:20 a. m., was received at Crockett at 8:30 a. m. of that day, and was delivered to appellee's wife about 2 p. m. on said date. Appellee had arranged to leave Crockett on that morning and go to San Antonio, and the telegram was sent for the purpose of informing him that there was yellow fever in San Antonio and advising him not to come there. If the telegram had been delivered with reasonable promptness appellee would have received it before he left Crockett, and would not have gone to San Antonio. Not knowing of the existence of yellow fever, he went on to San Antonio, and was compelled to remain there for about nineteen hours before there was a train upon which he could return home. He claims to have suffered mental anguish while in San Antonio because of the fear that he would contract yellow fever and the fear that he might be quarantined and kept from his home and business for an indefinite period. The agent of appellant at San Antonio, at the time he received the message for transmission, was fully informed as to the purpose for which it was sent and the necessity of its delivery to appellee before the train from Crockett to San Antonio left Crockett. The petition alleges the above facts and seeks to recover, in addition to the expenses of appellee's trip, damages in the sum of $1,500 for the alleged mental anguish suffered by him.

The defendant answered by general demurrer and general denial, and by special exceptions and special pleas, to the effect that the facts show that there was no reasonable cause for the mental anguish claimed to have been suffered by appellee, and if he suffered such anguish it was purely imaginary and self-provoked.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for $122.50, itemized as follows: $22.50, expenses of trip to San Antonio and return; $50 for mental anguish suffered by appellee because of fear that he would contract yellow fever, and $50 for his mental anguish because of his fear that he would be quarantined and kept from his family and business.

The evidence establishes the facts alleged in the petition as before set out, and the finding of the trial court that appellant was guilty of negligence in failing to deliver the telegram before the appellee left Crockett for San Antonio, and that if the telegram had been so delivered appellee would not have gone to San Antonio, is not questioned by appellant.

But it is urged under appropriate assignments that the judgment should be reversed because the facts alleged in the petition and shown by the evidence are not sufficient to charge appellant with notice that, as a probable result of its failure to make timely delivery of the telegram, appellee would suffer the mental anguish for which damages were awarded him by the trial court.

The evidence shows that there were only three known cases of yel-

low fever existing in San Antonio during the time appellee was kept there and that the nearest of these cases to the place at which appellee remained while in the city was about a mile. Appellee did not come in contact with any one suffering from yellow fever, and did not contract that or any other disease while in San Antonio. The disease was not regarded by the State health officer as epidemic in said city during the time appellee was there, and no State quarantine was put in effect against the city until the day after appellee left for home. Only thirty-eight cases were reported to the health officer during the time the fever existed there. Of these cases fifty percent proved fatal.

The fact that yellow fever is a contagious or infectious and, in a large percent of cases, a fatal disease, is a matter of general knowledge, and is abundantly established by the evidence in this record. It is also a matter of common knowledge that the methods of preventing the spread of the disease are vastly more effective now than they were in 1903 when this fever was discovered in San Antonio, and that at that time whenever yellow fever was discovered in a community the fear that it would become epidemic was almost universal; and in view of its fatal character we do not think it can be said, as a matter of law, that a person of ordinary firmness, intelligence and courage would not have suffered mental anguish by having to remain in a community in which the disease had appeared. The agent of appellant knew the purpose for which the telegram was sent, and we think he might reasonably have anticipated that if it was not delivered promptly appellee would go to the infected city in ignorance of the fever, and that when he discovered the fact that there were cases of yellow fever in the city he would suffer mental anguish through fear of contracting the disease. The fact that it may have subsequently developed that he was in no actual danger is immaterial. If he suffered from a reasonable apprehension of contracting the disease under the circumstance as then known to him and to the appellant, the latter is liable for the mental anguish thus caused by its failure to comply with its contract to use reasonable care to make timely delivery of the telegram.

We think it also follows from the facts before stated that appellee's apprehension that he would, by the enforcement of quarantine regulations, be kept from his business and family, was such a reasonable and probable result of appellant's negligence in the matter of the delivery of the telegram as would render it liable for the mental anguish of appellee caused thereby.

The evidence shows that appellant's agent at Crockett was well acquainted with appellee, and it is a reasonable inference from the facts in evidence that said agent knew that appellee had a wife and business at Crockett. Such being the evidence, we think that the mental anguish suffered by appellee because of his fear that he would be quarantined and kept from his home and business should be regarded as being reasonably in contemplation of the parties as a probable result of appellant's failure to comply with its contract.

What we have said disposes of all the questions raised by the sev-

oral assignments presented in appellant's brief, and, without discussing the assignments in detail, they are all overruled.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.